# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| SARA THIELWISEMILLER, | ) | 3:14-cv-00064-MMD-WGC |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | Re: Doc. ## 18, 19, 20, 21, 22 |
| FREDDIE EDER, et al., | ) ) | |
| Defendants. | ) ) | |

Before the Court is Plaintiff's Motion for Entry of Clerk's Default as to all Defendants. (Doc. # 18.)[1] Although no default has yet been entered, Plaintiff also seeks the entry of default judgments against Mrs. Hernandez (Doc. # 19), Mr. Hernandez (Doc. # 20), Freddie Eder (Doc. # 21) and Flordelis Eder (Doc. # 22). This Order **DENIES** entry of default as to the Eder Defendants and **DEFERS** consideration of the entry of default as to the Hernandez Defendants until the court can address the Plaintiff's request at the status conference set for June 6, 2014. (Doc. # 15.) The motions for entry of default judgments (Doc. ## 19, 20, 21, 22) are **DENIED WITHOUT PREJUDICE** as being premature.

## I.  BACKGROUND

Plaintiff commenced this diversity action alleging a variety of wrongs which she attributes to the Defendants. (Doc # 3.) Plaintiff claims to be a resident of Nevada; her physical address is not stated and she lists a post office box instead. (*Id.* at 1.)

Initially, the court notes that the mailing address Plaintiff listed on her complaint (P.O. Box 7768,

---
[1] Refers to court's docket number.

Verdi, Nevada, 89439) appears to be invalid, as all of the court's mailings to that address have been returned by the post office as "undeliverable." See, e.g., Doc. ## 6, 7, 11.  The court received a suggestion from counsel for the Eder Defendants that the actual post office box number is possibly 768 (not 7768 as Plaintiff provided); Defendants' certificate of service of their motion to quash (Doc. # 9) served both addresses (*id.* at 7). Although it is a party's responsibility to keep the court informed of correct mailing addresses [L.S.R. 2-2], the Court's Clerk utilized both addresses for mailing (Box 7768 and Box 768). The Plaintiff was informed by a Deputy Court Clerk by telephone on April 16, 2014, that it was her obligation to provide the court with her correct mailing address, which Plaintiff advised was box 768, not 7768 as her complaint indicated. Despite this admonition, Plaintiff never has filed an updated mailing address and mailings to P.O. Box 7768 are still being returned. Plaintiff is directed to confirm her valid mailing address with the submission of a written notification to the Clerk's Office **on or before May 29, 2014.**

Returning to an overview of Plaintiff's action, she alleges each of the Defendants is a resident of the State of Hawaii. (Doc. #3 at 1.) All of the acts of which Plaintiff complains in her pleading occurred in the State of Hawaii. (Doc. # 3.)

On March 7, 2014, Defendants Flordelis Eder and Freddie Eder filed a Motion to Quash Service. (Doc. # 9.) Substantively, Defendants argue service allegedly affected on the Eders was improper. (*Id.* at 5.) Defendants also challenge venue as being improper in the District of Nevada because the real property which is the subject of this action is located in the State of Hawaii and all named Defendants are all residents of the State of Hawaii as well. (*Id.*)[2]

A hearing on the Eder Defendants' motion to quash (Doc. # 9) was scheduled for Wednesday, April 16, 2014. (Doc. ## 12, 13.) The docket reflects the notice of the hearing was mailed to the Post Office Box listed on Plaintiff's complaint (7768) and also to the one which may be Plaintiff's actual Post Office Box, 768.

At the time set for the hearing on Defendants' motion, Plaintiff neither appeared in court nor did

---

[2] Defendants' motion also challenges the legality of a Rule 45 subpoena Plaintiff served (id at 3); see also Doc. # 8 and Doc. # 10, Minutes, 3/25/14, returning to "craigslist" documents that entity apparently provided in response to a subpoena Plaintiff served on craigslist.

2

she call in to the court. Attempts during the hearing by the courtroom deputy to reach Plaintiff by telephone were unsuccessful. The court placed on the record Plaintiff's responsibility to keep the court advised of correct addresses. The court also placed on the record the possible dismissal Plaintiff's action might face if she did not effect proper service within 120 days of the filing of her action. Fed. R. Civ. P. 4(m). (Doc. # 15.) The court continued the hearing on Defendants' motion to quash to June 6, 2014 (*id.*)[3]

The next activity occurring in this matter was the filing of Plaintiff's motion for default against all Defendants (Doc. # 18) and her motions for default judgments against the Hernandez Defendants (Doc. ## 19, 20) and the Eder Defendants (Doc. ## 21, 22).

## II.  LEGAL STANDARD

**A. Default: Rule 55(a)**

Under Fed. R. Civ. P. 55, a default shall be entered where a party "has failed to plead or otherwise defend" and if "that failure is shown by affidavit or otherwise," the clerk is to enter the party's default. Rule 55(a). A precondition to entering default, however, is that the district court must enjoy both subject matter jurisdiction and personal jurisdiction (or in rem/quasi in rem jurisdiction). *Evans v. Larchmont Baptist Church Infant Care Ctr., Inc.*, 956 F.Supp.2d 695, 702 (E.D. VA. 2013; *Wood v. Santa Barbara Chamber of Commerce*, 507 F.Supp. 1128, 1145 (D. Nev. 1980); *Patray v. Northwest Pub. Inc.*, 931 F.Supp. 865, 869 (D.C. Ga. 1996).

**B. Default Judgment: Rule 55(b)**

The entry of a default is a prerequisite to the entry of a default judgment upon that default. Rule 55(b)(1); *New York v. Green*, 420 F.2d 99, 104 (2nd Cir. 2005); *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986).

/ / /

/ / /

/ / /

---

[3] As with other mailings by the court to P.O. Box 7768, the Minutes of Proceedings mailed to that address were returned as undeliverable. The copy mailed to Box 768 was not returned, so the court assumes it was successfully delivered to that address.

### III.   DISCUSSION

**A. Default**

    **1. Eder Defendants**

Because the Eder Defendants, through their motion to quash (Doc. # 9), have expressed an indication to "otherwise defend" this action, entry of default as to the Eder Defendants would be improper.  Therefore, Plaintiff's motion for default (Doc. # 18) is **DENIED** as to the Eder Defendants.

    **2. As to All Defendants**

In view of the nature of Plaintiff's allegations, it appears problematic whether this court has either subject matter jurisdiction or *in personam* jurisdiction over the Defendants.  All of the acts or omissions arising under Plaintiff's complaint occurred in Hawaii. The Defendants are all residents of Hawaii.  If, as discussed above, a precondition to entry of default is both subject matter and personal jurisdiction, Plaintiff appears not to have satisfied those requirements.[4]

Accordingly, the Plaintiff is directed to file, **on or before May 29. 2014,** a memorandum of points and authorities explaining why in Plaintiff's opinion this court's exercise of jurisdiction over the subject matter of this case and *in personam* jurisdiction over the Defendants would be reasonable. Plaintiff shall also address whether service of process on the Defendants complies with Fed. R. Civ. P. 4(e).

Resolution of Plaintiff's request for entry of default as to the remaining (Hernandez) Defendants (Doc. # 18) is **DEFERRED** until further briefing can be considered by the court and to be addressed by the court at the June 6, 2014, status conference.  The court will continue to address the Eder Defendants' motion to quash (Doc. # 9) at that hearing.

**B. Default Judgment**

As discussed above, a precondition to the entry of a default judgment, either by the court or by the clerk, is that a default had first been entered. Because no default has been authorized and entered as

---

[4] Another precondition to entering a default is that the defendant against whom a default is sought was properly served with process. *Wood, supra*, at 1145. Although Plaintiff's filing suggest that Mrs. Hernandez was "personally served," (Doc. # 18-1 at 6), and that a copy of Mr. Hernandez's summons was left with Mrs. Hernandez (Doc. # 18-1 at 7), the service on the Eder Defendants (leaving a copy in a mailbox of the neighbor and/or at a rental property; Doc. # 18-1 at 8, 9) is facially invalid. In any event, the Eder Defendants have sought to quash that service of process. (Doc. # 9.)

to any of the Defendants, Plaintiff's motions (Doc. ## 19, 20, 21 and 22) are premature and are **DENIED WITHOUT PREJUDICE.** The District court will consider Plaintiff's requests for entry of default judgments if defaults are first entered herein.

### IV.   CONCLUSION

1. Plaintiff's motion for default (Doc. # 18) as to the Eder Defendants is **DENIED.**

2. Plaintiff's motion for default (Doc. # 18) as to the Hernandez Defendants is **DEFERRED** until further briefing is submitted by Plaintiff and addressed by the court at the **June 6, 2004, status conference.**  Plaintiff's **personal attendance** at this conference will be **required** unless Plaintiff in advance of the conference demonstrates good cause to be excused from personal attendance and receives leave of court to participate by telephone.  Any motion for leave to be excused from personal attendance must be filed **on or before May 29, 2014**.

3. Plaintiff shall **FILE** a memorandum of points and authorities **on or before May 29. 2014,** explaining why this court's exercise of jurisdiction over the subject matter of this case and *in personam* jurisdiction over the Defendants would be reasonable.

4. Plaintiff must verify her physical place of residence in the State of Nevada and provide the court verification of her correct mailing address, also **on or before May 29, 2014.**

5. Plaintiff's motions for default judgment (Docs. ## 19, 20, 21, 22) are **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

**DATED:  May 5, 2014.**

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE