1
2
3
4
**UNITED STATES DISTRICT COURT**
5
**DISTRICT OF NEVADA**
6
SARA THIELWISEMILLER,                        3:14-cv-00064-MMD-WGC
7
                                 Plaintiff,   **ORDER**
8
        v.
9
FREDDIE EDER, et. al.,
10
                                 Defendants.
11

12      Plaintiff, a pro se litigant, filed this action on January 30, 2014, in the United States
13 District Court for the District of Nevada, alleging various claims related to a duplex dwelling
14 unit located in the State of Hawaii, against defendants Freddie Eder, Flordelis Eder, and Mr. and
15 Mrs. Hernandez, all of whom she alleges to be residents of the State of Hawaii. (Doc. # 2.) She
16 asserts that the court may exercise diversity jurisdiction over this action. (*Id.*)

17      After receiving the filing fee and complaint, the court attempted to send Plaintiff a minute
18 order and notice that the case had been received (Docs. # 3, # 4); however, they were returned as
19 undeliverable. (Docs. # 6, # 7.) Another minute order striking and returning discovery documents
20 was also returned as undeliverable. (*See* Doc. # 11.)

21      In the meantime, the Eder defendants filed a motion to quash service. (Doc. # 9.) The
22 court set the matter for a hearing on April 16, 2014. (Docs. # 12, # 13.) Counsel for the Eder
23 defendants advised the court that Plaintiff's post office box number may be wrong according to
24 his prior involvement in litigation with Plaintiff. The Clerk sent a copy of the order setting the
25 hearing to the new post office box number and advised her about the discrepancy regarding her
26 address. The courtroom administrator spoke to Plaintiff regarding her mail being returned, was
27 advised of the correct post office box number, and directed her to file a change of address with
28 the court and she indicated she would do so.

Nonetheless, Plaintiff failed submit her address to the court in writing and did not appear for the April 16, 2014 hearing. (Doc. # 15.) The court's efforts to contact her just prior to the hearing by telephone were unsuccessful. (*Id.*) The court advised her of Rule 4(m) and the implications if she failed to complete service within 120 days of the filing of the complaint. (*Id.*) The court also ordered Plaintiff to provide the court with her mailing address in writing as well as her physical address to substantiate the allegation in her complaint that she is a resident of the State of Nevada. (*Id.*) The court further directed that orders in this case be sent to both post office boxes provided by Plaintiff until the court received written confirmation of her address. (*Id.*) Finally, the court deferred the hearing on the motion to quash until June 6, 2014, when the court set the matter for another hearing. (Doc. # 15.)

On April 30, 2014, Plaintiff filed a request for entry of clerk's default and default judgment against defendants Mrs. Hernandez (Docs. # 18, # 19.), Mr. Hernandez (Docs. # 18-1, # 20), Freddie Eder (Docs. # 18-2, # 21) and Flordelis Eder (Docs. # 18-3, # 22). Notably, she did not submit either her physical or mailing address to the court in writing.

On May 6, 2014, the court entered an order denying entry of default as to the Eder defendants and deferred consideration of the request for entry of default as to the Hernandez defendants until the June 6, 2014 status conference. (Doc. # 23.) The motions for entry of default judgment were all denied without prejudice. (*Id*.) In that order, the court directed Plaintiff to file on or before May 29, 2014, a memorandum of points and authorities explaining whether the court may exercise personal jurisdiction over the defendants given Plaintiff's allegation that they all reside in the State of Hawaii, the property that is the subject of this action is in the State of Hawaii, and the conduct at issue took place in the State of Hawaii. (*Id*.)

Once again, Plaintiff did not submit written confirmation of her address. Nor did she file a response regarding personal jurisdiction as the court directed. She also did not appear for the June 6, 2014 hearing.

At the June 6, 2014 hearing, the court granted the Eder defendants' motion to quash service (Doc. # 9) and indicated that because venue appeared improper in Nevada it was going to order the matter transferred to the District of Hawaii.

1    The court has further considered Plaintiff's failure to appear for hearings and comply with

2    the court's orders to submit her current address in writing and file a statement advising the court

3    of the basis for its exercise of personal jurisdiction over the defendants. The court has determined

4    this conduct warrants a recommendation that this matter be dismissed with prejudice pursuant to

5    Federal Rule of Civil Procedure 41(b). Under Rule 41(b) and the case law interpreting it, the

6    court may sua sponte dismiss a case where the plaintiff fails to prosecute or comply with the

7    court's orders, as Plaintiff has done here. Fed. R. Civ. P. 41(b); *Franklin v. Murphy*, 745 F.2d

8    1221, 1232 (9th Cir. 1984) (citing *Link v. Wabash Railroad*, 370 U.S. 626, 633 1962)).

9    Plaintiff is hereby notified of the court's intent to recommend dismissal pursuant to 41(b).

10   Plaintiff has **fourteen days from the date of this Order** to file a statement explaining:

11   (1) why she has continually failed to apprise the court in writing of her current address; (2) why

12   she failed to appear for two court ordered hearings; and (3) why she failed to submit a statement

13   regarding the basis for this court's exercise of personal jurisdiction over the defendants as the

14   court ordered on May 6, 2014. This statement shall also contain: (1) Plaintiff's current address,

15   and if she utilizes a post office box, she shall also include her physical domicile address so the

16   court may determine jurisdictional questions; and (2) the previously ordered statement

17   explaining the basis for this court to assert personal jurisdiction over the defendants who Plaintiff

18   alleges reside in Hawaii.

19   Upon receipt of this filing, or if the deadline for the filing passes with no statement filed

20   by Plaintiff, the court will enter further necessary orders, including, if applicable, a report and

21   recommendation to District Judge Miranda M. Du that this matter be dismissed with prejudice

22   pursuant to Rule 41(b).

23   **IT IS SO ORDERED**.

24

25

26   June 6, 2014.

     _____
     WILLIAM G. COBB
27   UNITED STATES MAGISTRATE JUDGE

28