UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SARA THIELWISEMILLER, | 3:14-cv-00064-MMD-WGC |
| Plaintiff, | **ORDER** |
| v. | |
| FREDDIE EDER, et. al., | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice (LR) 1B 1-4.

Plaintiff, a pro se litigant, filed this action on January 30, 2014, in the United States District Court for the District of Nevada, alleging various claims related to a duplex dwelling unit located in the State of Hawaii, against defendants Freddie Eder, Flordelis Eder, and Mr. and Mrs. Hernandez, all of whom she alleges to be residents of the State of Hawaii. (Doc. # 2.) She asserts that the court may exercise diversity jurisdiction over this action. (*Id*.)

After receiving the filing fee and complaint, the court attempted to send Plaintiff a minute order and notice that the case had been received (Docs. # 3, # 4); however, they were returned as undeliverable. (Docs. # 6, # 7.) Another minute order striking and returning discovery documents was also returned as undeliverable. (*See* Doc. # 11.)

In the meantime, the Eder defendants filed a motion to quash service. (Doc. # 9.) The court set the matter for a hearing on April 16, 2014. (Docs. # 12, # 13.) Counsel for the Eder defendants advised the court that Plaintiff's post office box number may be wrong according to his prior involvement in litigation with Plaintiff. The Clerk sent a copy of the order setting the hearing to the new post office box number and advised her about the discrepancy regarding her

address. The courtroom administrator spoke to Plaintiff regarding her mail being returned, was advised of the correct post office box number, and asked her to file a change of address with the court and she indicated she would do so.

Nonetheless, Plaintiff failed to appear for the April 16, 2014 hearing. (Doc. # 15.) The court then entered an order instructing Plaintiff to advise the court in writing of her correct address, and advised her of Rule 4(m) and the implications if she failed to complete service within 120 days of the filing of the complaint. (*Id.*) The court also ordered Plaintiff to provide the court with her physical address to substantiate the allegation in her complaint that she is a resident of the State of Nevada. (*Id.*) The court directed the Clerk's Office that orders in this case should be sent to both post office boxes provided by Plaintiff until the court received written confirmation of her address. (*Id.*) Finally, the court deferred the hearing on the motion to quash until June 6, 2014, when the court set the matter for another hearing. (Doc. # 15.)

On April 30, 2014, Plaintiff filed a request for entry of clerk's default and default judgment against defendants Mrs. Hernandez (Docs. # 18, # 19.), Mr. Hernandez (Docs. # 18-1, # 20), Freddie Eder (Docs. # 18-2, # 21) and Flordelis Eder (Docs. # 18-3, # 22).

On May 6, 2014, the court entered an order denying entry of default as to the Eder defendants and deferred consideration of the request for entry of default as to the Hernandez defendants until the June 6, 2014 status conference. (Doc. # 23.) The motions for entry of default judgment were all denied without prejudice. (*Id.*) In that order, the court directed Plaintiff to file on or before May 29, 2014, a memorandum of points and authorities explaining whether the court may exercise personal jurisdiction over the defendants given Plaintiff's allegation that they all reside in the State of Hawaii, the property that is the subject of this action is in the State of Hawaii, and the conduct at issue took place in the State of Hawaii. (*Id.*)

Plaintiff never submitted a written confirmation of her address. Nor did she file a response regarding personal jurisdiction as the court directed. Finally, she failed to appear for the June 6, 2014 hearing.

At the June 6, 2014 hearing, the court granted the Eder defendants' motion to quash service (Doc. # 9) and indicated that because venue appeared improper in Nevada it was going to

order the matter transferred to the District of Hawaii.

On further consideration, instead of transferring this matter to the District of Hawaii, the court recommends that this action be dismissed pursuant to LSR 2-2 and Federal Rule of Civil Procedure 41(b) because she did not comply with the court's orders to submit her current address or a filing demonstrating a basis for personal jurisdiction in this district.

To that end, the court issued an order on June 6, 2014, outlining the history of this action and advising Plaintiff that her failure to appear for hearings or comply with court orders warrants a recommendation for dismissal of this matter pursuant to Federal Rule of Civil Procedure 41(b). (Doc. # 25.)

Federal Rule of Civil Procedure 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In addition, "[a] district court may sua sponte dismiss a case for failure to prosecute." *Franklin v. Murphy*, 745 F.2d 1221, 1232 (9th Cir. 1984) (citing *Link v. Wabash Railroad*, 370 U.S. 626, 633 1962)).

The court gave Plaintiff fourteen days, or until June 20, 2014, to file a statement explaining: (1) why she has continually failed to apprise the court in writing of her current address; (2) why she failed to appear for two court-ordered hearings; and (3) why she failed to submit a statement regarding the basis for this court's exercise of personal jurisdiction over the defendants as the court ordered on May 6, 2014. (Doc. # 25.) The court also ordered Plaintiff to provide: (1) her current address, including a physical address if she utilizes a post office box for her mail to ascertain the basis for jurisdiction; and (2) the previously ordered statement explaining the basis for the court's assertion of personal jurisdiction over the defendants who Plaintiff alleges reside in Hawaii. (*Id*.) The court cautioned Plaintiff that if she failed to file a response it would enter further necessary orders, including a report and recommendation to District Judge Miranda M. Du for dismissal of this matter. (*Id*.)

The order was returned as undeliverable to either address provided by Plaintiff to date in this action. (*See* Doc. # 29.) As a result of Plaintiff's failure to comply with court orders to appear for hearings or provide a current address, the court now recommends dismissal of this action.

1  In determining whether to dismiss a case for failure to prosecute, "[t]he district court must weigh its need to manage its docket, the public interest in expeditious resolution of litigation, and the risk of prejudice to the defendants against the policy favoring disposition of cases on their merits." *Id*. (quoting *Mir v. Fosburg*, 706 F.2d 916, 918 (9th Cir. 1983)). "Before the court dismisses an action with prejudice for failure to prosecute, it must warn the plaintiff that he or she is risking dismissal." *Id*. (citation omitted). "The court must then explore all reasonable alternatives to dismissal with prejudice." *Id*. (citation omitted).

The court points out that dismissal would also be appropriate under 28 U.S.C. § 1406(a) because the District of Nevada is not the proper venue. *See* 28 U.S.C. § 1391(b)(1)-(3) (civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated..."); 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992) (court has discretion in determining whether to transfer or dismiss an action for improper venue).  In light of Plaintiff's failure to keep the court apprised of her address and comply with its orders, dismissal (in lieu of transfer) would be appropriate.

While dismissal is appropriate under 28 U.S.C. § 1406(a), the court has elected to proceed with dismissal pursuant to Rule 41(b), and recommends that an order of dismissal with prejudice be entered in this action.

**IT IS HEREBY RECOMMENDED** that the District Court enter an order **<u>DISMISSING THIS ACTION WITH PREJUDICE</u>**.

///

///

///

///

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: June 23, 2014.

*William G. Cobb* (signature)
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE